## TERRITORY *v.* HENRY N. KAAHANUI.

### No. 1751.

SUBMITTED OCTOBER 3, 1927.     DECIDED OCTOBER 20, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

The defendant in error, Henry N. Kaahanui, was indicted for having sexual intercourse with a female under the age of sixteen. The jury returned a verdict of not guilty. During the trial Kaahanui testified in his own behalf. Thereafter he was indicted for perjury. The al-

leged perjured testimony was given in the sexual intercourse case. Kaahanui moved to quash the indictment charging him with perjury and the motion was sustained. The Territory excepted to the ruling of the circuit judge and sued out a writ of error to have it reviewed by this court. Omitting its formal parts the indictment charged that "on the 17th day of February, 1927, in a certain criminal action and proceeding, then and there pending in the circuit court of the first judicial circuit of the Territory of Hawaii, wherein the Territory of Hawaii was plaintiff and said Henry N. Kaahanui was defendant, and in which said action and proceeding the said defendant, Henry N. Kaahanui, was charged with having, at Honolulu aforesaid, on the 2nd day of February, 1926, committed the crime of having sexual intercourse with a female under the age of sixteen, the said Henry N. Kaahanui then and there taking the witness stand as a witness for and on behalf of himself in the trial of the said criminal action and proceeding and cause of the Territory of Hawaii vs. Henry N. Kaahanui aforesaid, and being then and there duly sworn by William Hoopai, Esq., clerk of the circuit court of the first judicial circuit of the Territory of Hawaii, to tell the truth, the whole truth and nothing but the truth, of, upon, and concerning the matter then and there pending in said criminal action and proceeding, he, the said William Hoopai, Esq., then and there having lawful power and authority to administer said oath to the said Henry N. Kaahanui in that behalf, whereupon it then and there became and was a material inquiry on the trial of said criminal action and proceeding whether or not the said Henry N. Kaahanui, the defendant in said criminal action and proceeding, had signed and written any name in a certain doctor's book, at Honolulu aforesaid, on the 29th day of May, 1926, and whether or not the said Henry N. Kaahanui had signed

and written the name 'Tom Kau' in said certain doctor's book, at Honolulu aforesaid, on the 29th day of May, 1926, and the said Henry N. Kaahanui, being so duly sworn as aforesaid in the said criminal action and proceeding, then and there upon his oath aforesaid, wilfully, knowingly, falsely, corruptly and feloniously did depose and swear in substance and to the effect following, that is to say, that he, the said Henry N. Kaahanui, had not written and did not sign and write any name and had not written and did not sign and write the name 'Tom Kau' in the said certain doctor's book, at Honolulu aforesaid, on the 29th day of May, 1926, whereas, in truth and in fact, as he, the said Henry N. Kaahanui, then and there well knew he had signed and written and did sign and write the name 'Tom Kau' in the said certain doctor's book, at Honolulu aforesaid, on the 29th day of May, 1926, and so in manner and form as aforesaid, the said Henry N. Kaahanui did then and there and thereby commit the crime of perjury."

The motion to quash was based on several grounds. They are all, however, substantially the same, viz., that it appears from the indictment that the alleged perjured testimony was not material to the issue that was involved in the proceeding in which it was given. In his decision sustaining the motion the circuit judge said: "I do not agree with the statement that to become material in the trial it is necessary to have it become pertinent to the issue. The word 'pertinent' is not used in the statute. But there is nothing in this to show that it was material as to whether he signed his name in this book some months after the thing happened. Whether he did or did not— and I am going on what is before me and not with a knowledge of the other case—would be only to show guilty knowledge. Now, if that were the only evidence that they

had that he took the girl to the place and by that alone they intended to show the fact that he did take the girl to the place, it would become material; but the only proposition to be shown in the case was the guilty knowledge in taking the girl to the place, and—I am now going back to the record, and possibly I am going a little farther than I should, simply to save a trial—the only thing that became material was whether he took the girl to the doctor's office. That he admitted. So, consequently, there was nothing more to be shown, if he signed the name in there or not; any more than it would be necessary to show that he went in one room or through a certain door. He admitted he was there. So, whether he signed his name is immaterial. The whole thing, at best, was not to prove the crime and is not material. It was solely for showing a guilty knowledge from which they might infer he was the one. Suppose he had stood or sat on the right hand side of the table, instead of the left hand side, it would not tend to prove he had sexual intercourse with the girl, and, further—I am going into the case to save a trial, because that would have to be the instruction. If you will remember the question never was raised in your entire case in chief; it came up in rebuttal on something the doctor brought up when he was called the second time; so it was not considered even material enough to ask a question about on the case in chief. Motion granted."

It is obvious from this decision that the motion was granted solely on the ground that the alleged perjured testimony was not material to the issue of whether the defendant had sexual intercourse with the girl named in the indictment charging him with that offense. In reaching this conclusion the circuit judge went beyond the indictment itself and upon his own initiative considered the evidence that had been introduced on the trial of the sexual intercourse case. This was not correct procedure.

The indictment was sufficient on its face to show that the alleged false testimony was material and for that reason alone the motion to quash should have been overruled. Inasmuch, however, as there was no objection to the course taken by the circuit judge and inasmuch as the transcript of the evidence introduced in the sexual intercourse case is made a part of the writ of error and is therefore before us we feel that we should also consider it in order to determine whether the testimony alleged to have been given by the defendant was, under the law, sufficiently material to constitute perjury.

We will first consider certain facts that were established in the sexual intercourse case by uncontradicted testimony. These facts are as follows: Defendant was a married man living with his wife and children at Watertown but came with his family to Honolulu during Christmas week of 1925 and stayed in his mother-in-law's house until after February, 1926; his mother-in-law is the mother of the girl with whom defendant was charged to have had sexual intercourse; the girl was his sister-in-law and was under the age of sixteen years; she lived with her mother in Honolulu and slept in the same room occupied by the defendant and his family during their stay in her mother's house; she became pregnant and gave birth to a child in October, 1926; the defendant was apprised of her pregnancy in March or April and shortly thereafter took her on two occasions to see a Japanese doctor in Honolulu; the defendant himself testified to these visits to the doctor; on one of these visits the girl at the doctor's request signed her name in a book beneath some writing in the German language that had been written there by the doctor; the name "Tom Kau" was also signed by some one at the bottom of this writing and just beneath the girl's signature.

We come now to some of the evidence that was conflict-

ing and upon which the verdict of the jury was required. The girl testified that the defendant had sexual intercourse with her on two occasions, the first being in January, 1926, at her mother's house in Auld Lane and the second time about a week later in Kalihi-uka. The defendant testified that he never at any time had sexual intercourse with her. There were other witnesses who testified in regard to this phase of the case but it is unnecessary to recite their testimony. The girl testified that on one of her visits to the doctor the defendant in her presence and in the doctor's presence signed the name "Tom Kau" in the doctor's book. She also testified that he gave as his reason for signing the name "Tom Kau" that "when they find out they can't know that is his name." The Japanese doctor also testified that he saw the defendant write the name "Tom Kau" in the book. The defendant testified that he went with the girl to the doctor's office on two occasions but that he did not sign any name in the doctor's book. The charge of perjury is predicated upon his testimony that he did not sign any name in the doctor's book.

The question remains whether this testimony, if false, was material within the meaning of that term as it is used in section 4305, R. L. 1925, defining perjury. This section is as follows: "Perjury is wilfully, knowingly and falsely stating, orally or in writing, some material fact on oath where the oath is required or authorized by law. * * *"

In defining the term "material," as applied to perjury, much has been said by judicial and text-writers. The consensus of opinion, however, has nowhere been more accurately epitomized than in 30 Cyc., 1418, which received the approval of this court in *Re French,* 28 Haw. 47, 56. The text from Cyc. is as follows: "False testimony is deemed material not only when directly pertinent to the

main issue, but also when it has a legitimate tendency to prove or disprove any material fact in the chain of evidence."

It cannot be denied, of course, that the main issues in the sexual intercourse case were whether the defendant had sexual intercourse with the girl named in the indictment and whether she was under the age of sixteen years. The latter issue, as we have already observed, was proven by evidence that was uncontradicted, so that the real issue was whether the defendant had sexual intercourse with her. Upon this issue the evidence was conflicting and the correct determination of it by the jury depended not only on the credence given to the direct testimony but also on whether the jury believed that any circumstance had been established that tended to prove or disprove the defendant's guilt. The Territory undertook to establish the circumstance that the defendant signed a name other than his own in the doctor's book. The defendant denied this circumstance. If this circumstance in fact existed it was the defendant's duty, under the law and under the obligation of his oath as a witness, to so testify provided such circumstance was material to the issue of whether he had had sexual intercourse with the girl. The circumstance, if true, was material if it could reasonably have been considered by the jury as an indication of the defendant's guilt. If he signed any name in the doctor's book it was a false name; it was not his own. If he did it at all it is reasonable to suppose that he did it for a purpose. What purpose may reasonably be inferred from such an act—that he wished to leave no evidence of the fact that he had taken the girl to see the doctor regarding her pregnancy. Both he and the girl were unknown to the doctor. If the doctor was subsequently interviewed as to who brought the girl to him and was asked to exhibit his records, it would disclose that "Tom Kau"

had brought her, thus diverting suspicion from the defendant and fastening it on someone else. If when he signed a name in the doctor's book, providing, of course, he signed any name, he was not at that time conscious of his guilt, why did he sign a false name instead of his own? Perhaps no better reason can be suggested than that the girl testified the defendant gave her—"He told me he like to put his name Tam Kau, so when they find out they can't know that is his name." These are legitimate inferences that the jury could have drawn from this circumstance, which the Territory undertook to prove and which the defendant in his testimony denied. If the denial was false and the jury might have been led thereby to disbelieve the witnesses who testified to the circumstance and render a verdict it would not otherwise have rendered then the defendant's testimony, alleged in the indictment to have been untrue, was material. It is no answer to say, as the circuit judge did, that because the defendant admitted that he went with the girl to the doctor's office it was immaterial whether he signed the name of "Tom Kau" or not. If he signed the name "Tom Kau," the materiality of his testimony denying that he signed it must be determined by the motive the jury could reasonably have attributed to him for signing a false name instead of his own.

The judgment of the lower court is reversed and the cause remanded with instructions to overrule the motion to quash and to take such further proceedings as may be necessary not inconsistent with this opinion.

*H. L. Wrenn,* Deputy City and County Attorney, for plaintiff in error.

*Patterson & Kelly* for defendant in error.